UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD B. ORMEROD,

                Plaintiff,

v.                                          **DECISION AND ORDER**
                                                       06-CV-724S

COUNTY OF NIAGARA, NIAGARA COUNTY
SHERIFF'S DEPARTMENT, NIAGARA COUNTY
SHERIFF'S DEPUTY CORY DIEZ, and NIAGARA
COUNTY SHERIFF'S DEPUTY LISA GERLACH ,

                Defendants.

## I. INTRODUCTION

Presently before this Court is Plaintiff Richard B. Ormerod's post-trial motion, challenging a jury's verdict that he failed to prove that Defendants violated his Fourth Amendment rights by using excessive force to effectuate his arrest. Plaintiff first seeks judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure ("FRCP"), alleging that there is no factual foundation for the verdict. Alternatively, Plaintiff seeks a new trial pursuant to Rules 50 and 59, arguing that the jury's verdict was against the weight of the evidence and that he was unfairly prejudiced by trial errors. For the reasons below, Plaintiff's motion is denied.

## II. BACKGROUND

Plaintiff sued Niagara County, the Niagara County Sheriff's Department, and Niagara County Sheriff's Deputies Cory Diez and Lisa Gerlach for violating his civil rights on June 23, 2006, when Diez and Gerlach allegedly used excessive force against him. Trial began on April 6, 2009, and ended on April 9, 2009, with the jury returning a verdict

in Defendants' favor.  Plaintiff filed the instant motions on April 23, 2009, within 28 days of the entry of judgment, as required by Rules 50(b) and 59(b).

## III. DISCUSSION AND ANALYSIS

**A.    Post-trial Motion for Judgment as a Matter of Law**

A post-trial motion for judgment as a matter of law is governed by Rule 50, which provides in relevant part:

> **(b) Renewing the Motion After Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.  No later than 28 days after the entry of judgment–or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged–the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59 . . . .

Additionally, "[a] motion under Rule 50(b) is not allowed unless the movant sought similar relief on similar grounds under Rule 50(a) before the case was submitted to the jury."  Exxon Shipping Co. v. Baker, 554 U.S. ___, 128 S.Ct. 2605, 2617 n.5 (2008).  A court may nonetheless grant a new trial if failing to do so would constitute manifest injustice.  Sojak v. Hudson Waterways Corp., 590 F.2d 53, 54-55 (2d Cir. 1978); Oliveras v. Am. Export Isbrandtsen Lines, Inc., 431 F.2d 814, 817 (2d Cir. 1970).

Here, Plaintiff seeks judgment as a matter of law on the basis that there was no substantive factual foundation for the verdict.  Plaintiff did not, however, move for judgment as a matter of law on this or any basis at trial before the case was submitted to the jury.  Nonetheless, even if he had, the evidence at trial was more than sufficient to sustain the

jury's verdict in Defendants' favor.

To some degree, the parties' respective witnesses testified to different accounts of Plaintiff's arrest. But this does not mean that the jury's verdict lacked factual foundation. The evidence and testimony Defendants' offered clearly supported the jury's verdict. It is the jury's function to credit and resolve competing accounts and judge the credibility of witnesses. See Heller, 891 F.2d at 436 (noting that "the jury was entitled to disregard [one witness's] testimony and believe other witnesses . . . [c]redibility issues of that nature are for the jury not the court to resolve.") The fact that they did so in Defendants' favor in this case does not entitle Plaintiff to judgment as a matter of law. See Pan Am. World Airways v. Port Auth., 995 F.2d 5, 8 (2d Cir. 1993) (holding that where the evidence "raises a question such that reasonable men might reach different conclusions, judgment as a matter of law is improper.") Plaintiff's motion is therefore denied.

**B. Motion for a New Trial**

A Motion for a New Trial is governed by Rule 59, which provides, in relevant part:

> (a) In General.
>
> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues and to any party as follows:
>
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action in federal court.

Generally, a court "should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) (quoting Atkins v. New York City, 149 F.3d 100, 102 (2d Cir. 1998)). Thus, "the court should only grant such a

motion when the jury's verdict is egregious." DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 134 (2d Cir. 1988). However, "[u]nlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict. Moreover, a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner." Id. Additionally, a new trial is warranted where "errors are likely to have had a substantial effect on the jury's resolution of the factual disputes at trial." Nimely v. City of New York, 414 F.3d 381, 392 (2d Cir. 2005).

Plaintiff argues that a new trial is warranted for two reasons. First, Plaintiff contends that the jury failed to properly consider the testimony of Gary Kutis. In sum and substance, Kutis testified that Plaintiff did not swear at or antagonize Deputies Diez and Gerlach and that Deputy Diez tackled Plaintiff from behind without warning or provocation. He further testified that Plaintiff's foot accidentally hit Deputy Diez when Plaintiff was being placed in the patrol car, at which time Deputy Diez pulled Plaintiff from the car, causing his head to hit the ground, and then dragged him over the gravel and threw him to the ground.

Kutis's account of the incident at issue differs significantly from what Deputies Diez and Gerlach testified to. But there is nothing egregious about a jury rejecting the testimony of one witness in favor of a competing version of events. This is, in fact, the jury's role. Again, credibility determinations are the purview of the jury and "a court should rarely disturb a jury's evaluation of a witness's credibility." DLC Mgmt. Corp., 163 F.3d at 134. The jury credited Defendants' version of events in this case and Plaintiff has presented no cause to disturb the jury's verdict by ordering a new trial.

Second, Plaintiff argues that a new trial is warranted because Defendants elicited

4

testimony from Defendant Gerlach that violated this Court's pretrial ruling. Before trial, this Court precluded testimony concerning Plaintiff's past convictions and prior bad acts involving domestic violence. Specifically, this Court precluded evidence concerning Plaintiff's prior arrests and Gerlach's execution of an arrest warrant against Plaintiff in connection with a report of domestic violence.

At trial, however, Deputy Gerlach, testified as follows:

| | |
|---|---|
| Mr. Suozzi:[1] | And what was Mr. Kutis doing, if anything? |
| Deputy Gerlach: | Mr. Kutis walked into the garage, as well, and I remember Mr. Ormerod going to the stereo in the far right corner and then walking to his left and Mr. Kutis staying in the corner. Mr. Ormerod began to pace back and forth, telling me, "F-U", get the "F" off my property, I hate you. I lost my family because of you. |
| Mr. Suozzi: | What, if anything, did you say in response to that? |
| Deputy Gerlach: | Well, it was about the third time that he told me he hated me and that he had lost his family because of me. And I was curious, I said, how did you lose your family because of me? And he stated because of domestic violence. |
| Mr. Cohen:[2] | Objection, Your Honor. |

---

[1] Defendants' counsel.

[2] Plaintiff's counsel.

Despite running afoul of this Court's pretrial ruling, it is unlikely that this testimony had a substantial effect on the jury's resolution of the factual disputes at trial. This Court stopped questioning immediately and excused the jury while counsel were heard with respect to the testimony. Immediately upon the jury's return, this Court issued a strong curative instruction:

> Okay. Ladies and gentlemen, I don't know where you went, but welcome back. . . . As you can tell, everybody is back in place; the attorneys, the parties, the witness. And we are going to get started again with the direct examination on the defense case of Lisa Oliveri-Gerlach, sometimes known as – before we broke, there was a couple of objections, but there was a last objection. And, as you know, the way trials go, from your experience here, there are objections and I make rulings on objections, and I forewarned you from the onset of the case. The last question was objected to and the question and answer were objected to. The question and answer were improper, you are not to consider it. If you remember the question, if you remember the answer, disregard it. It's not proper it's not relevant to this particular case. And that's consistent with the instruction that I gave you from the onset, that certain things just are not part of a particular case and should not be considered.
>
> That's true here. You are to follow my instructions to the letter of the law, and that is, disregard it. Even if you remember it or heard it, do not consider it in any fashion in coming to a just a fair and proper verdict in this particular case. This case stands on the evidence of this case alone; nothing more, nothing less.

"A jury is presumed to follow its instructions." Weeks v. Angelone, 528 U.S. 225, 234, 120 S.Ct. 727 (2000). This Court found at trial, as it does now, that the jury followed this instruction and that the instruction cured the error. Upon resuming trial, neither the improper question nor Deputy Gerlach's improper testimony were revisited. The instruction neither emphasized the improper question nor the improper answer, thus minimizing the

6

jury's exposure. In this Court's view, the jury's brief exposure to this testimony could not have had a substantial effect on its resolution of the factual disputes in this case, thus a new trial is unwarranted. As such, Plaintiff's Motion for a New Trial must be denied.

### IV. CONCLUSION

For the forgoing reasons, this Court finds no grounds on which to grant Plaintiff's Motion for Judgment as a Matter of Law or, alternatively, for a New Trial. As such, both motions are denied.

### V. ORDERS

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment as a Matter of Law or, in the alternative, for a New Trial (Docket No. 75) is DENIED.

SO ORDERED.


Dated: August 18, 2010
       Buffalo, New York

                                                               <u>/s/William M. Skretny</u>
                                                              WILLIAM M. SKRETNY
                                                                    Chief Judge
                                                           United States District Court